**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1951
_____

In re: A C & S INC;
In re: Armstrong World Industries, Inc., et al;
In re: Combustion Engineering, Inc.;
In re: The Flintkote Company, et al;
In re: Kaiser Aluminum Corporation, et al;
In re: Owens Corning, et al;
In re: U.S. Mineral Products Company;
In re: USG Corporation, et al;
In re: W.R. Grace & Co., et al,

Debtors

Motions Seeking Access to 2019 Statements

Ford Motor Company; Honeywell International, Inc.

Appellants


_____


Appeal from the United States District Court
for the District of Delaware
(District Court Nos. 1:16-cv-01078, 1:16-cv-01079, 1:16-cv-01080
1:16-cv-01084, 1:16-cv-01092, 1:16-cv-01093, 1:16-cv-01094,
1:16-cv-01096, 1:16-cv-01145, 1:16-cv-01146, 1:16-cv-01104,
1:16-cv-01147, 1:16-cv-01154,1:16-cv-01151, 1:16-cv-01152,
1:16-cv-01155, 1:16-cv-1153, 1:16-cv-01150, 1:16-cv-01149,
1:16-cv-01144, 1:16-cv-01105, 1:16-cv-01140, 1:16-cv-01141,
1:16-cv-01142, 1:16-cv-01143, 1:16-cv-01101, 1-16-cv-01102,
1:16-cv-01106, 1:16-cv-01099, 1:16-cv-01100, 1:16-cv-01103,
1:16-cv-01126, 1:16-cv-01129, 1:16-cv-01127, 1:16-cv-01128,
1:16-cv-01130, 1:16-cv-01131, 1:16-cv-01132, 1:16-cv-01133,
1:16-cv-01134, 1:16-cv-01136, 1:16-cv-01135, & 1:16-cv-01137)
District Judge: Hon. Leonard P. Stark
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 24, 2019
_____

Before:   McKEE, SHWARTZ, and FUENTES, *Circuit Judges*.

(Opinion filed: August 19, 2019)
_____

OPINION*
_____

McKEE, *Circuit Judge*.

Major asbestos defendants, Honeywell International Inc. and Ford Motor Company (together "Appellants"), appeal the District Court's order affirming the Bankruptcy Court's denial of unconditional access to thousands of exhibits (the "2019 Exhibits") that were submitted to the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 2019 in connection with administering nine asbestos bankruptcies. The Bankruptcy Court granted Appellants access to the relevant documents for a period of three months, subject to certain conditions consistent with those imposed in similar cases. The Bankruptcy Court concluded that providing unlimited access to the 2019 Exhibits would pose an undue risk of identity theft and exposure to private medical information. The District Court affirmed the Bankruptcy Court's decision. For the reasons that follow, we will affirm the District Court's order.[1]

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1334(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

"The common law presumption of access to judicial records is codified in § 107 of the Bankruptcy Code."[2] That provision established a broad right of public access to all papers filed in a bankruptcy case, subject to certain limited exceptions. In 2005, Congress added subsection (c) which specifically allows the bankruptcy court to protect individuals from disclosure of certain "types of information to the extent the court finds that disclosure . . . would create undue risk of identity theft or other unlawful injury to the individual or the individual's property."[3]

The Supreme Court, in *Taggart v. Lorenzen*, articulated a longstanding interpretive principle: "[w]hen a statutory term is obviously transplanted from another legal source, it brings the old soil with it."[4] There, the Court confirmed that common law principles remain critical to statutory interpretation and application.[5]

In *In re Orion Pictures Corp.*, the Second Circuit Court of Appeals stated that §107 codified the common law, and evidenced Congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings.[6] We agree. Nevertheless, Congress specifically circumscribed that broad right by codifying the

---

[2] *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 746 (D. Del. March 27, 2018).
[3] 11 U.S.C. § 107(c)(1).
[4] 139 S. Ct. 1795, 1801 (2019) (internal citations and quotation marks omitted).
[5] *Id.*; *see also Evans v. United States*, 504 U.S. 255, 259–60 (1992) (explaining when Congress codifies the common law, the latter informs construction of the statute); *Samantar v. Yousuf*, 560 U.S. 305, 320 n.13 (2010) (stating "when a statute covers an issue previously governed by the common law, we interpret the statute with the presumption that Congress intended to retain the substance of the common law.").
[6] 21 F.3d 24, 26 (2d Cir. 1994).

common law principle that the public's right of access to judicial records is not absolute.[7] In doing so, Congress specifically authorized courts to protect "any means of identification."[8] Moreover, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."[9] We review the District Court's decision to affirm the order of the Bankruptcy Court to protect judicial records from public disclosure under the common law or §107 for abuse of discretion.[10] The United States Supreme Court has "emphasized that the word 'may' clearly connotes discretion."[11] The District Court concluded that the Bankruptcy Court did not abuse its discretion. We agree.

We also conclude that the District Court properly rejected Appellants' First Amendment argument. That argument was waived when Appellants failed to support their claim for access under the First Amendment beyond two passing references – one in their brief and one at oral argument. "An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court."[12]

---

[7] *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597–98 (1978).
[8] 11 U.S.C. §107(c)(1)(A).
[9] *Nixon*, 435 U.S. at 598.
[10] *See LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 219–20 (3d Cir. 2011).
[11] *Halo Elec., Inc. v. Pulse Elec., Inc.*, 136 S.Ct. 1923, 1931 (2016) (internal quotation marks omitted).
[12] *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F. 3d 375, 398 (3d Cir. 1994) (internal quotation marks omitted).

Accordingly, for the reasons set forth herein, and in the District Court's very thorough and well-reasoned opinion,[13] we will affirm the District Court's order affirming the ruling of the Bankruptcy Court.

---

[13] *See In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733.